IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIOS ALEXANDER,

    Petitioner,                    No. 2:12-cv-0651 WBS CKD P

    vs.

R. GROWER, et al.,

    Respondent.                  ORDER

_____/

    Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges a plea of "no contest" to several offenses including conspiracy to commit robbery. Petitioner has filed a motion for discovery. Under Rule 6 of the Rules Governing Section 2254 Cases, the court can grant leave to conduct discovery based on a showing of good cause.

    When a habeas petitioner challenges a "no contest" or guilty plea, the claims which provide a basis for relief are relatively limited. Generally speaking, relief can only be granted upon a showing that the plea was entered involuntarily or unintelligently. Boykin v. Alabama, 395 U.S. 238, 242 (1969). A guilty plea is voluntary and intelligent when the accused is made aware of the nature and elements of the charges against him, the possible punishment he faces, and understands that he is waiving his Constitutional rights to avoid compulsory

1

self-incrimination, to confront his accuser, and to a trial by jury.  Brady v. United States, 397 U.S. 742, 748 (1970); Boykin, 395 U.S. at 242-43.  Furthermore, a voluntary plea is one that is not "induced by threats . . ., misrepresentation . . ., or [improper promises]."  Brady, 397 U.S. at 755.

Any claims which do not concern whether petitioner entered his plea voluntarily and intelligently are not cognizable.  See Boykin v. Alabama, 395 U.S. 238, 242 (1969).  This includes "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  U.S. v. Cortez, 973 F.2d 764, 766 (9th Cir. 1992) (citing Tollett v. Henderson, 411 U.S. 258 (1973)).  See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (valid plea waives all non-jurisdictional objections, such as that the indictment was based on false information).

It appears most of the evidence petitioner seeks through discovery concerns claims relating to the deprivation of Constitutional rights that occurred prior to the entry of his guilty plea.  Since those claims are not cognizable, petitioner has shown no cause for discovery with respect to those claims.

To the extent petitioner asserts the prosecution failed to turn over evidence to petitioner before he pled guilty in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963), to obtain habeas relief petitioner would have to show that there is a reasonable probability that had the withheld evidence been turned over, petitioner would not have pled guilty.  Sanchez v. U.S., 50 F.3d 1448, 1454 (9th Cir. 1995).  Petitioner fails to show that any of the evidence he now seeks could provide a basis for petitioner to withdraw his guilty plea pursuant to Brady.

In his habeas petition, petitioner asserts he was subjected to ineffective assistance of counsel.  To establish that a guilty plea was involuntary due to ineffective assistance of counsel, petitioner must show that: (1) counsel's recommendation to plead guilty was not within the range of competence demanded of attorneys in criminal cases; and (2) that there is a reasonable probability that, but for counsel's errors, petitioner would not have pled guilty and would have

1 insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). Petitioner fails to make a showing that anything he seeks in discovery could form a basis to vacate petitioner's guilty plea based on ineffective assistance of counsel.

For all the foregoing reasons, petitioner has not established good cause to engage in discovery. Petitioner's motion for discovery will be denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's "motion for discovery" (ECF No. 62) is denied.

Dated: July 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
alex0651.mfe(2)